_^JONES, Judge.
The defendant was convicted of attempted armed robbery, a violation La.R.S. 14:27(64). He was sentenced as a third felony offender under La.R.S. 15:529.1 to serve sixteen years at hard labor without benefit of parole, probation, or suspension of sentence. The trial court stated it was relying upon State v. Dorthey, 623 So.2d 1276 (La.1993), as the basis for imposing a sentence less than that mandated by the Habitual Offender law. The State objected to the sentence arguing that the statutory minimum sentence was thirty-three and one-half years and that the trial court did not adequately support the sentence imposed. In an unpublished opinion, this Court vacated the sentence finding that the trial court did not specify why a reduced sentence was appropriate and thus did not justify imposing a sentence below the mandatory minimum. State v. Morgan, 658 So.2d 1342 (La.App. 4th Cir.1995). On October 27, 1995, the trial court, again invoking State v. Dorthey, resentenced the defendant to twenty years without benefit of parole, probation, or suspension of sentence. The State now appeals jjhat sentence, arguing that the trial court erred in ruling that the minimum term of thirty-three years would be unconstitutionally excessive in this case.
In State v. Walter Johnson, 676 So.2d 552 (La.1996), the Supreme Court reaffirmed its commitment to Dorthey by saying,
“Louisiana’s judiciary maintains the distinct responsibility of reviewing sentences imposed in criminal eases for constitutional excessiveness. State v. Sepulvado, 367 So.2d 762 (La.1979). However, in order to find the punishment mandated by La.R.S. 15:529.1 excessive, the trial judge must find that the sentence makes no measurable contribution to the acceptable goals of punishment or that the sentence amounts to nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion of the severity of the crime.” State v. Dorthey, 623 So.2d 1276 (La.1993).
We are compelled to conclude that the trial court, when sentencing below the statutory minimum, must use the specific boilerplate language stated by the Supreme Court in Dorthey supported by additional factual information made a part of the record as a basis for imposing a lesser sentence. Absent use of this specific language by the trial court, coupled with supportive factual information, the sentence is illegal.
In the present case, the trial court relied on Dorthey and stated that it considered Mr. Morgan’s background, prior criminal record, and the facts of the case. The trial court noted that the jury concluded the defendant was guilty of the lesser included offense of attempted armed robbery because of the ambivalence of the victim/witness about the identity of the robber. The judge also commented that he had no recollection of the defendant’s prior conviction for carrying a concealed weapon; he had understood only that the defendant had two prior drug offenses. The trial court then sentenced the defendant to twenty years at hard labor without benefit of parole, probation, or suspension of sentence as a third offender because the minimum sentence would be excessive.
hThe trial court’s reasons are not sufficient. Declarations that the court has considered the background, prior criminal record, and facts of the case “do not indicate that the trial court has made a ‘searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional’, nor do they indicate that the trial court made a ‘meaningful assessment of any mitigating or aggravating circumstances appropriate to this ease.’ ” State v. Eric Kingston, (La.App. 4th Cir.1996), 668 So.2d 395. The trial court recognized that the jury’s verdict of attempted armed robbery, a lesser included offense, indicated that the jury was ambivalent about the. degree of the appellant’s participation. However, that consideration has already been factored into the prison time and cannot *1232 serve as a reason under Dorthey to further minimize the sentence.
Accordingly, the sentence is vacated, and the case is remanded to the district court for resentencing in accordance with the requirements of State v. Dorthey and State v. Walter Johnson.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.