|, BYRNES, Judge.
On April 8, 1994, the defendant was charged with two counts of armed robbery and one count of possession of a firearm by a convicted felon. On October 11-12, 1994 he was tried on the armed robbery counts and found guilty as charged. On April 4, 1995 [1] the defendant was sentenced to serve forty years at hard labor without benefit of probation, parole or suspension of sentence on each count, with the sentences to run concurrently. The State then filed a multiple bill, to which the defendant pled guilty. The trial court *724 vacated the previous sentence or sentences and resentenced the defendant to serve forty-nine and one-half years at hard labor without benefits, to run concurrently with any other sentences imposed.[2]
|2On appeal[3] (State v. Warren, unpub. 96-2112 (La.App. 4 Cir. 1/21/98), 704 So.2d 995), this Court noted as an error patent that the April 4, 1995 minute entry of the sentencing did not indicate whether the sentence was enhanced on both counts of armed robbery or only one. If only one count was enhanced, neither the minute entry nor the multiple bill of information indicated which count was enhanced. Because the court reporter for the section had certified that she was unable to locate the notes and tapes from the sentencing, no preparation of the transcript was possible. This Court cited State v. Ward, 94-0490 (La.App. 4th Cir. 2/29/96), 670 So.2d 562, writ denied, 97-0642 (La.9/19/97), 701 So.2d 165, for the proposition that multiple convictions arising out of the same criminal act or episode and obtained on the same date are considered a “single conviction” for purposes of the multiple offender law. This Court declared that only one count should have been enhanced because the armed robbery counts arose out of the same criminal episode. This Court affirmed the convictions for armed robbery on both Counts, but vacated the sentence of April 4, 1995 and remanded for resentencing. State v. Warren, unpub. 96-2112 (La.App. 4 Cir. 1/21/98), 704 So.2d 995.
On remand the State amended the multiple offender bill to relate to only Count 1 of the bill of information. The defendant filed a motion for reduction of the habitual offender sentence under State v. Dorthey, 623 So.2d 1276 (La.1993). On August 31, 1998 the trial court quashed the multiple bill as untimely filed, set' aside the prior sentence, and sentenced the defendant to five years at hard labor. Thus the defendant was not sentenced as a multiple offender as a result of the hearing of August 31,1998.
|sIn the transcript of the resentencing proceedings of August 31, 1998, the trial court noted that the defendant’s parents were in the courtroom. The defendant was a Baptist with his family’s support. The court stated that the defendant was a Vietnam Veteran and an alcoholic. He had since received treatment and had a Certificate of Achievement for Substance Abuse Participation while he was incarcerated. He held a status above that of a trustee at Dixon Correctional Institute. He was a member of the St. John Institutional Baptist Brotherhood. His pastor, Andrew Joseph, Jr., declared in a letter (read by the court) that the defendant was a person of noble character and a faithful worshipper. The pastor felt that the defendant had deep remorse for the disgrace he brought upon himself and his family. The pastor declared that the defendant rehabilitated not only himself, but many other inmates. The pastor felt that the defendant was ready to re-enter society. He worked for the March of Dimes, Toys for Tots, and the Walk for Muscular Dystrophy. Angola had transferred the defendant to Dixon Correctional Institute. The court stated that if anyone deserved a break, it was the defendant, a Vietnam Veteran with his family’s support. The court noted that the defendant had saved a life while he was in prison. The court felt that the defendant was ready to straighten out his life.
*725 These reasons given by the trial court when it quashed the multiple bill on August 31, 1998, were to justify the court’s decision to sentence the defendant to five years, not as a multiple offender. Those reasons were not articulated to justify sentencing the defendant to less than the statutory minimum as a multiple offender. They were not articulated by the trial judge on January 15, 1999, when he sentenced the defendant to less than the statutory minimum as a multiple offender. In sentencing the defendant to |4less than the statutory minimum, the trial judge did not even make a general reference to the hearing of August 31, 1998. Therefore, the reasons given at the August 31, 1998 hearing cannot be used to justify the trial judge’s decision on January 15, 1999, to sentence the defendant to less than the statutory minimum.
This Court granted the State’s writ application (State v. Warren, unpub. 98-K-2136 (La.App. 4 Cir. 9/21/98)) to review the August 31, 1998 sentencing. In the September 2, 1998 per curiam submitted to this Court in writ no. 98-K-2136, supra, the trial court noted the six month delay in the filing of the multiple bill, but then focused on the crime. The per curiam noted that the defendant robbed two individuals of $26.00 and $3.00 at 1322 Esplanade Avenue. The defendant pointed a gun at the two victims, took their cash, and ran. No one was injured. The court noted that the defendant had voluntarily participated in a great number of self-help rehabilitative programs. The court noted that armed robbery is a crime of violence, but then stated that the defendant was an alcoholic, and no one was injured during the robberies.
The September 2, 1998 per curiam was offered to describe what took place at the hearing of August 31, 1998. The defendant was not sentenced as a multiple offender at that hearing. Therefore, it cannot be said that the per curiam was offered as support for a less than statutory minimum multiple offender sentence in connection with the August 31, 1998 hearing. The multiple offender sentence that is the subject of the instant writ was not imposed until January 15, 1999, several months after the per curiam was issued. At the risk of stating the obvious, we note that the September 2, 1998 per cu-riam was not intended at the time it was issued to relate to the | ¡January 15, 1999 sentencing as that sentencing could not have been foreseen at the time the per curiam was issued.
When the trial judge imposed the less than minimum multiple offender sentence on January 15, 1999 he made no reference to the per curiam. Therefore, it cannot serve to support the trial judge’s decision on January 15, 1999, to impose a less than minimum sentence.
This Court declared in 98-K-2136, supra, that the trial court had no authority to quash the multiple bill when no written motion to quash had been filed. Additionally, the filing of a multiple bill six months after the imposition of sentence was not untimely. This Court vacated the trial court’s ruling. This Court reinstated the multiple offender adjudication as to Count l.[4] The sentence on Count 1 was vacated, and the matter was remanded for sentencing on Count 1 under the multiple offender bill. This Court did not disturb the sentence as to Count 2, but stated that the State could file a motion to correct an illegal sentence in the trial court if the sentence was illegally lenient. The defendant was not precluded from seeking appellate review of any sentencing. State v. Warren, unpub. 98-K-2136 (La.App. 4 Cir. 9/21/98).[5]
*726 Pursuant to the remand in 98-K-2136, on January 15, 1999, the trial court vacated the April 4, 1995 sentence and resen-tenced the defendant as a multiple offender under La. R.S. 15:529.1 to twenty years at hard labor to run concurrently with any other sentence.
|BThe State argues that the trial court erred by sentencing the defendant to only twenty years when he was convicted of armed robbery, his antecedent crime was attempted second degree murder, he was properly billed under La. R.S. 15:529.1, and the trial court gave no rationale for sentencing below the statutory minimum of 49$ years.
The January 15, 1999 sentencing transcript contains the following statement by the trial judge:
The sentence imposed on 4/4/95 will now be vacated and set aside.[6] As to 15:529.1, the Court has had an opportunity to review Mr. Warren’s record during his period of incarceration. And there are some questions as to the whereabouts of transcript pages that might have been of assistance to him on appeal. The multiple bill hearing transcript, after diligent search, is not available. And pursuant to Dorthey and the cases following, the sentence that this Court is now going to impose on Mr. Warren in case number 369-173 will be 20 years in the Department of Corrections as to count one. Credit for time served. That sentence to run concurrent, concurrect (sic), with any and all other sentences that he might be serving at this time.
This Court has discussed the issue of sentencing below the statutory minimum under La. R.S. 15:529.1 in State v. Finch, 97-2060, p. 11-12 (La.App. 4 Cir. 2/24/99), 730 So.2d 1020, 1026-1027:
Even though a sentence under the Habitual Offender Law is the minimum provided by that statute, the sentence may still be unconstitutionally excessive if it makes no measurable contribution to acceptable goals of punishment, or is nothing more than the purposeful imposition of pain and suffering and is grossly out of proportion to the severity of the crime. State v. Johnson, 97-1906, pp. 6-7 (La. 3/4/98), 709 So.2d 672, 677; State v. Dorthey, 623 So.2d 1276, 1280-81 (La.1993). However, the entire Habitual Offender Law has been held constitutional, and, thus, the minimum sentences it imposes upon habitual offenders are also presumed to be constitutional. Johnson, 97-1906 at pp. 5-6, 709 So.2d at 675; see also State v. Young, 94-1636, p. 5 (La.App. 4 Cir. 10/26/95), 663 So.2d 525, 527, writ denied, (La. 3/22/96), 669 So.2d 1223. There |7must be substantial evidence to rebut the presumption of constitutionality. State v. Francis, 96-2389, p. 7 (La.App. 4 Cir. 4/15/98), 715 So.2d 457, 461. A defendant must clearly and convincingly show that the mandatory minimum sentence under the Habitual Offender Law is unconstitutionally excessive. Johnson, 97-1906 at p. 11, 709 So.2d at 678.
See also State v. Ash, 97-2061 (La.App. 4 Cir. 2/10/99), 729 So.2d 664, 1999 WL 74638. The defendant bears the burden of rebutting the presumption that the mandatory minimum sentence is constitutional. State v. Short, 96-2780 (La.App. 4 Cir. 11/18/98), 725 So.2d 23.
A court may only depart from the minimum sentence if it finds that there is' clear and convincing evidence in the particular case to rebut the presumption of constitutionality. The defendant must clearly and convincingly show that he is “exceptional, which in this context means that because of unusual circumstances this defendant is a victim of the legislature’s *727 failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case.”' State v. Johnson, p. 8, 709 So.2d at 676, quoting State v. Young, 94-1636 at pp. 576, 663 So.2d at 528. It is not the role of the sentencing court to question the wisdom of the legislature in requiring enhanced punishments for multiple offenders. The sentencing court is allowed only to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates our constitution. Id. at 677. If a sentencing judge finds clear and convincing evidence which justifies a downward departure from the minimum sentence under La. R.S. 15:529.1, he is not free to sentence a defendant to whatever sentence he feels is appropriate under the circumstances. The judge must sentence the defendant to the longest sentence which is not constitutionally excessive. This requires that a | ^sentencing judge articulate specific reasons why the sentence he imposes instead of the statutory mandatory minimum is the longest sentence, which is not excessive under the Louisiana Constitution. Id. Therefore, the trial judge’s vague general- reference to a “review of Mr. Warren’s record” does not meet the requirement that he “articulate specific reasons.” And as we noted earlier, even if we assume for purposes of argument that the reasons found in the record of the August 31, 1998 hearing and the September 2, 1998 per curiam, (which we doubt), the trial judge failed to refer to or “articulate” either of these sets of reasons at the sentencing of January 15, 1999. Accordingly, as we also stated earlier, neither of these sets of reasons may be used to support the January 15, 1999 less than statutory minimum sentence.
Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. Id. State v. Dorthey, 623 So.2d at 1276, gives the sentencing court the authority to depart from the mandatory minimum sentences provided by the legislature only in those relatively rare cases in which the punishment provided violates the prohibition of La. Const, art. I, § 20 against excessive sentences. Id.
In this case the defendant did not provide clear and convincing evidence sufficient to rebut the presumption that the minimum sentence of 49\ years under La. R.S. 15:529.1 was constitutional. On January 15, 1999 the trial court did not articulate specific reasons why the twenty year sentence was the longest sentence that was not excessive under the constitution.
Specifically, the statement by the trial judge that he “has had an opportunity to review [the defendant’s] record during his period of incarceration” is not sufficient to justify the deviation below the statutory |3minimum. As this Court stated in State v. Morgan, 96-0333 (La.App. 4 Cir. 9/9/96); 680 So.2d 1230, 1231:
The trial court’s reasons are not sufficient. Declarations that the court has considered the background, prior criminal record, and facts of the case “do not indicate that the trial court has made a ‘searching inquiry necessary to justify declaring a legislatively mandated sentence unconstitutional’, nor do they indicate that the trial court made a meaningful assessment of any mitigating or aggravating circumstances appropriate to this case.”
When sentencing below the statutory minimum, the trial court must use the specific boilerplate language stated by the Supreme Court in Dorthey supported by additional factual information made a part of the record as a basis for imposing a lesser sentence. Id. Therefore, the fact that sufficient information may be found in the record is not sufficient unless it is specifically incorporated as a basis for imposing a lesser sentence. In other words, general reference to the record as a whole at the time of sentencing as was made by the trial judge in the instant case *728 is not sufficient in spite of the fact that the record might contain sufficient facts had they been articulated by the trial judge.
Assuming that the trial judge had articulated a finding that the defendant had been rehabilitated (which finding we infer the trial judge made, but failed to articulate) that still would have been insufficient to justify the deviation below the statutory minimum. Rehabilitation is only one goal of sentencing. Deterrence and punishment are also goals, especially with repeat offenders. State v. Johnson, p. 10, 709 So.2d at 678.
The court in its per curiam noted that no one was injured by the defendant in connection with the armed robbery. From this we infer that the trial judge may not have regarded the armed robbery as a crime of violence. Assuming that the trial judge had articulated this opinion, which he failed to |indo at the multiple bill sentencing, it still would not have justified the deviation, even if we subscribe to the assumption that the crime of armed robbery may be considered non-violent, which we do not.[7] Violence and/or the lack thereof has already been factored into the minimum sentence under the Habitual Offender Law. State v. Johnson, p. 10, 709 So.2d at 677.
The trial court in its per curiam states that the State failed to file any opposition to the defendant’s request for sentencing below the statutory minimum. This Court finds that there is no requirement that the State file any such opposition and the failure of the State to do so is not a factor to be considered by the trial court. The burden is on the trial court to affirmatively justify any deviation below the statutory minimum. The trial court may not meet that burden negatively, i.e., by relying on a lack of opposition.
For the foregoing reasons, this Court grants the State’s writ application, vacates the twenty year sentence imposed on January 15, 1999, and remands for re-sentencing under La. R.S. 15:529.1.

WRIT GRANTED; SENTENCE VACATED; CASE REMANDED FOR RE-SENTENCING.

. The docket master and commitment form indicated that the sentencing occurred on April 4, 1995. The multiple bill waiver of rights form indicated that the sentencing occurred on April 5, 1995.

. It is not clear what happened to the firearm charge. In the defendant's appeal opinion this Court stated that the defendant pleaded guilty to the charge on October 25, 1995. However, in the August 31, 1998 resentencing transcript, the prosecutor said that the case was still open, and the defense counsel stated that it had been nolle prossed. Defense counsel looked at the record and then declared that it was continued several times and that was the end of the record.

. The defendant did not challenge the guilty plea to the multiple bill on appeal and this court did not touch the guilty plea in its opinion on appeal, only the multiple billing as to two counts. State v. Warren, unpub. 96-2112 (La.App. 4 Cir. 1/21/98), 704 So.2d 995.

. As noted earlier, the conviction on Count 1 was affirmed by this Court in State v. Warren, unpub. 98-K-2136 (La.App. 4 Cir. 9/21/98).

. Judge Lobrano concurred and focused on the problem of the sentence relating to Count 2. The defendant was sentenced to forty years originally. Then that sentence was vacated and he was sentenced as a multiple offender to 49 'k years. On appeal this Court vacated the enhanced sentences. The concurrence *726 stated that the issue was whether the trial court could ignore that original sentence and impose a different one.

. The sentence was vacated in the original appeal. State v. Warren, unpub. 96-2112 (La.App. 4 Cir. 1/21/98), 704 So.2d 995.

. LSA-R.S. 14:2(13)