| MURRAY, J.,
dissents in part and assigns reasons.
Although I agree that Mr. Johnson’s conviction should be affirmed, I dissent *1235 from the affirmation of the trial court’s departure from the minimum sentence in this case. A downward departure from the minimum sentence under the Habitual Offender Law should occur only in rare cases. State v. Warren, 99-0557, p. 8 (La.App.4 Cir. 9/8/99), 742 So.2d 722, 727. In my opinion, this is not such a case.
At sentencing, the trial court described Mr. Johnson as an “obviously incorrigible habitual offender” who had at least five convictions for distributing cocaine over a seven year span and who during that same span was convicted for theft over five hundred dollars and for simple escape. The trial court also characterized Mr. Johnson as a “habitual drug dealer” who has “habitually thumbed his nose at the judicial system.” Despite those strong findings supporting the minimum sentence, the trial court found it appropriate to make a downward departure from that sentence based on one factor; to-wit: “the criminal history of Mr. Johnson indicates that there has been no instances of violent behavior” or “behavior which directly threatens the welfare of any one else.” The trial court’s reliance on that factor was misplaced. As we noted in Warren, supra, “[vjiolence and/or the lack thereof has already been factored into the minimum sentence under the Habitual Offender Law.” 99-0557 at p. 10, 742 So.2d at 728.
|2Given that the trial court s reasons do not support a departure from the minimum, I would vacate Mr. Johnson’s sentence and remand for re-sentencing.