STATE OF LOUISIANA

VERSUS

MARVIN ROBINSON

NO. 23-KH-277

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPLICATION FOR SUPERVISORY REVIEW FROM THE
TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 05-2673, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING


June 28, 2023


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Robert A. Chaisson


**WRIT DENIED**
 **JGG**
 **FHW**
 **RAC**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/RESPONDENT,
STATE OF LOUISIANA
        Honorable Paul D. Connick, Jr.
        Thomas J. Butler
        Darren A. Allemand

COUNSEL FOR DEFENDANT/RELATOR,
MARVIN ROBINSON
        Christopher F. Edmunds
        Colin Reingold
        Erica Navalance

**GRAVOIS, J.**

Relator, Marvin Robinson, seeks this Court's supervisory review of the trial court's March 17, 2023 oral ruling which denied his ineffective assistance of counsel claim raised in his application for post-conviction relief ("APCR"). For the reasons that follow, we deny this writ application.

## PROCEDURAL HISTORY

On August 21, 2008, a jury found relator guilty of simple burglary of a vehicle in violation of La. R.S. 14:62. On October 17, 2008, the trial court sentenced relator to eleven years imprisonment at hard labor. On that same date, the State filed a habitual offender bill of information, alleging relator to be a third-felony offender based on relator's predicate offenses for armed robbery in violation of La. R.S. 14:64 and first degree robbery in violation of La. R.S. 14:64.1. On December 12, 2008, the trial court found relator to be a third-felony offender, vacated the original sentence, and resentenced relator to life imprisonment at hard labor, without the benefit of parole, probation, or suspension of sentence, under La. R.S. 15:529.1.

On his first appeal, this Court vacated relator's conviction, habitual offender adjudication, and sentence, finding that the trial court failed to make a determination of relator's competency to stand trial and remanded the case for a new trial. *State v. Robinson*, 09-371 (La. App. 5 Cir. 3/23/10), 39 So.3d 692. On review, the Louisiana Supreme Court reversed and remanded the matter to the trial court to determine whether a meaningful, retrospective competency hearing was possible, and if so, to conduct a hearing on the issue. *State v. Robinson*, 10-924 (La. 12/17/10), 50 So.3d 156. On remand, the trial court found that relator was competent to stand trial and could assist his counsel during his trial held in August of 2008. On appeal, relator's conviction and habitual offender sentence were

affirmed. *State v. Robinson*, 12-22 (La. App. 5 Cir. 10/16/12), 102 So.3d 922, *writ denied*, 12-2434 (La. 4/12/13), 111 So.3d 1017.

Thereafter, relator filed a Motion to Correct an Illegal Sentence and Hold a *Dorthey* Hearing, arguing that the trial court erred in refusing to recognize its authorization to use discretion and reduce his sentence pursuant to *State v. Dorthey*, 623 So.2d 1276, 1280-81 (La. 1993),[1] and further failing to articulate a basis under La. C.Cr.P. art. 894.1(C) for not deviating from the maximum sentence.[2] On October 26, 2020, the trial court denied relief, and relator filed a counseled writ application with this Court seeking review. On November 27, 2020, relator filed a letter directed to this Court's Clerk of Court pursuant to Uniform Rules–Courts of Appeal, Rule 2-12.6.1,[3] advising the Court of the Louisiana Supreme Court's decision in *State v. Cardell Robinson*, 19-1330 (La. 11/24/20), 304 So.3d 846 (*per curiam*), decided on the same day that relator's writ application was filed with this Court. In *State v. Cardell Robinson*, the Supreme Court concluded that the relator was entitled to an evidentiary hearing concerning his claim of ineffective assistance of trial counsel at sentencing in light of its decision in *State v. Harris*, 18-1012 (La. 7/9/20), 340 So.3d 845. Based on this

---

[1] In *Dorthey*, 623 So.2d at 1281, the Supreme Court held that a trial court has the authority to determine whether a mandatory minimum sentence is unconstitutionally excessive as applied to a particular defendant.

[2] La. C.Cr.P. art. 894.1(C) requires the sentencing court "to state for the record the considerations taken into account and the factual basis therefor in imposing sentence."

[3] Rule 2-12.6.1 provides, in pertinent part:

A. If pertinent and significant authorities come to a party's attention after all original and reply briefs have been filed - or after oral argument but before decision - a party may promptly advise the clerk by letter, with a copy to all other parties, setting forth the citations.

B. The letter shall be limited to: (1) the name and citation of the opinion or authority; (2) the issue raised by the case which is pertinent to the issues raised in the case pending before this Court; and (3) a citation to the page number of where this point has been raised in briefs before this Court or, if not raised in briefs and dealt with in oral argument only, where and how this issue arose during oral argument. The letter shall not include attachments, including but not limited to the documents cited within the letter.

"new binding authority," relator submitted an alternative prayer of relief: "an evidentiary hearing to determine whether he received ineffective assistance of counsel at sentencing."

On March 8, 2021, this Court granted the writ application for a limited purpose, finding that relator had presented a *prima facie* claim of ineffective assistance of trial and appellate counsel, citing *Harris*, *supra*, in which the Supreme Court held that an "ineffective assistance of counsel at sentencing claim is cognizable on collateral review." However, this Court found that the issue was not properly before it and granted relator's writ for the limited purpose of remanding the matter to the trial court and ordering the trial court to grant relator leave of court to either amend his motion to correct an illegal sentence or file an APCR and hold an evidentiary hearing on relator's claims of ineffective assistance of counsel. *See State v. Robinson*, 20-427 (La. App. 5 Cir. 3/8/21), 2021 WL 863395, *writ denied*, 21-485 (La. 5/25/21), 316 So.3d 443.

On July 9, 2021, relator filed an APCR with the trial court in which he argued that trial counsel rendered ineffective assistance by failing to conduct a reasonable sentencing investigation and present mitigation information under *Harris* and *Dorthey*.

The State filed a response to relator's APCR, arguing that relator's APCR was untimely, and alternatively, lacked merit given that relator's violent criminal history outweighed any mitigating evidence which relator claimed trial counsel failed to present at the habitual offender sentencing hearing. The State also pointed out that relator had prior convictions besides those charged in the habitual offender bill of information and included an arrest register that showed relator was charged with aggravated rape and aggravated crime against nature in 1984. According to the State, relator pled guilty to aggravated crime against nature and the aggravated rape charge was dismissed.

On March 17, 2023, Judge Rowan, who also sentenced relator as a third-felony offender in 2008, conducted an evidentiary hearing on relator's claim of ineffective assistance of counsel at his habitual offender sentencing. First, relator's counsel requested that the trial court limit the scope of the evidentiary hearing to relator's claim of trial counsel's ineffectiveness under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), without consideration as to whether relator's case would meet *Dorthey*'s departure standards. After hearing argument from the State and relator, the trial court stated, "Let's just do this *Strickland* hearing first to see." Next, the trial court denied the State's untimeliness objection to relator's APCR, noting that an evidentiary hearing had been ordered on relator's claim.

Relator called Johnny Robinson, his older brother, as a witness. Mr. Robinson testified about his knowledge of relator's drug use with respect to marijuana and cocaine. He testified that relator's trial counsel never questioned him about relator, nor was he aware if trial counsel had spoken with any other family members. Mr. Robinson stated that he would have been willing to testify at relator's sentencing hearing.

Relator also introduced exhibits, including the police report and preliminary hearing transcript from his 1985 armed robbery conviction and the police report from his 1996 first degree robbery conviction, which were the predicate offenses charged in the State's habitual offender bill of information. According to relator, the facts of these offenses revealed that the crimes were committed without an actual weapon and that the victims sustained no physical injuries. Relator also introduced the following documents: (1) his 2002-03 medical records from the West Jefferson Mental Health Clinic; (2) his 2008 clinical screening appraisal from the Hunt Correctional Center indicating his IQ was measured between 71 and 75;

(3) relator's letters to Judge Cusimano,[4] dated July 12, 2005 and May 27, 2008,[5] in which he requested drug abuse treatment; (4) an affidavit from Dr. Marcus Kondkar, the sociology department chair at Loyola University, who provided data regarding sentences received by similarly situated inmates and concluded relator was one of only two inmates in Jefferson Parish serving a life sentence for simple burglary; (5) the mental health care policy of the Department of Corrections ("DOC)"; and (6) an excerpt from the Diagnostic and Statistical Manual of Mental Disorders concerning cocaine use and dependency.

At the hearing, the State called no witnesses, but introduced the following exhibits: (1) the habitual offender bill of information and the transcript from the December 12, 2008 habitual offender hearing and sentencing; (2) the transcript from relator's June 23, 2008 bond hearing which included a reference to relator's 1984 aggravated crime against nature conviction; (3) the arrest register showing relator was charged with aggravated rape and aggravated crime against nature in 1984; (4) a packet including the 1985 indictment for aggravated rape and aggravated crime against nature, the 1985 bill of information and guilty plea transcript for relator's three armed robbery convictions which relator pled to on the same day; (5) the bill of information and guilty plea transcript from relator's 1996 first degree robbery conviction; (6) relator's rap sheet from the DOC; and (7) the entire record from relator's case.

Following argument from relator and the State, the trial court found relator's trial counsel was not ineffective and that "based upon what he did, there was no prejudice" to relator. In doing so, the trial court stated:

---

[4] The record reveals that relator's case was initially allotted to Judge Cusimano, and Judge Rowan presided over relator's case starting in January of 2008.

[5] At the evidentiary hearing, relator's counsel explained that the May 27, 2008 letter was in reference to case number 07-5941 concerning relator's charge for cocaine possession in violation of La. R.S. 40:967(C).

I do not find that Mr. Fleming was ineffective in any matter, during the trial, at the sentencing, at the Multiple Bill, I don't find him to be ineffective. I think he did everything that he could do. The problem that he couldn't overcome was the priors, the priors.

Relator, through counsel, filed the instant writ application requesting review of the trial court's March 17, 2023 ruling denying his post-conviction claim of ineffective counsel at his habitual offender sentencing. The State filed an opposition to the writ application with this Court in which it argued that *Harris* is not retroactively applicable to relator's case, and in the alternative, argued that relator's ineffective assistance of counsel claim was without merit.

## ANALYSIS

Under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution, a defendant is entitled to effective assistance of counsel. *State v. Casimer*, 12-678 (La. App. 5 Cir. 3/13/13), 113 So.3d 1129, 1141. To prove ineffective assistance of counsel, a defendant must satisfy the two-prong test set forth in *Strickland v. Washington*, *supra*. *Casimer*, 113 So.3d at 1141. Under the *Strickland* test, the defendant must show: (1) that counsel's performance was deficient, that is, that the performance fell below an objective standard of reasonableness under prevailing professional norms; and (2) that the deficient performance prejudiced the defense. *Id*. An error is considered prejudicial if it was so serious as to deprive the defendant of a fair trial, or "a trial whose result is reliable." *Id*. To prove prejudice, the defendant must demonstrate that, but for counsel's unprofessional conduct, the outcome of the trial would have been different. *Id*. (citing *Strickland v. Washington*, *supra*).

As applied to ineffective assistance at sentencing claims, the Supreme Court explained in *Harris*, 340 So.3d at 858, that:

An objectively reasonable standard of performance requires that counsel be aware of the sentencing options in the case and ensure that all reasonably available mitigating information and legal arguments are presented to the court. Since Louisiana law prohibits excessive

sentences, and requires that individual circumstances be considered, counsel acts unprofessionally when he fails to conduct a reasonable investigation into factors which may warrant a downward departure from the mandatory minimum.

A sentence may be excessive under Article I, § 20 of the Louisiana Constitution even if it falls within the statutory range established by the legislature. *State v. Johnson*, 97-1906 (La. 3/4/98), 709 So.2d 672, 676; *State v. Sepulvado*, 367 So.2d 762, 767 (La. 1979). In *Dorthey*, 623 So.2d at 1280-81, the Supreme Court held that this extends to the minimum sentences mandated by the Habitual Offender Law and that the trial court must reduce a sentence to one not unconstitutionally excessive if the trial court finds that the sentence mandated by the Habitual Offender Law "makes no measurable contribution to acceptable goals of punishment," or is nothing more than "the purposeful imposition of pain and suffering" and "is grossly out of proportion to the severity of the crime."

As an initial matter, in this writ application, relator argues that this Court's finding that relator had presented a *prima facie* claim of trial counsel's ineffective assistance, *see Robinson*, 20-427, *supra*, amounted to a finding that trial counsel's performance was deficient under *Strickland* and thereby precluded the trial court from concluding otherwise at the evidentiary hearing. Thus, in relator's view, the evidentiary hearing was limited to whether trial counsel's deficient performance at the habitual offender hearing satisfied *Strickland*'s prejudice prong.

*Prima facie* evidence is defined as evidence sufficient to establish a given fact, which if not rebutted or contradicted, will remain sufficient. *See State v. Williams*, 400 So.2d 575, 679 (La. 1981). While relator's *prima facie* showing of trial counsel's ineffective assistance at the habitual offender sentencing was sufficient to warrant a remand for a determination of that claim, nothing in this Court's disposition in *Robinson*, 20-427, *supra*, limits the parameters of the evidentiary hearing. At any rate, as noted above, the trial court addressed both

*Strickland* prongs, finding that trial counsel's performance was not deficient nor prejudicial.

Relator now re-urges his clam that trial counsel's failure to present any mitigating evidence or file a motion to reconsider sentence at the habitual offender sentencing was both deficient and prejudicial. With respect to mitigation, relator argues that trial counsel was aware of relator's history of drug addiction and mental illness, but failed to bring these factors to the trial court's attention at the habitual offender sentencing hearing. In addition, relator contends that counsel failed to investigate relator's "cognitive limitations," which would have revealed his limited intellectual functioning. Relator further faults counsel for failing to investigate the underlying facts of the predicate offenses, armed robbery and first degree robbery, to show that these prior convictions were "nominally" crimes of violence because relator did not physically harm the victims, he stole small amounts of money, and he did not have an actual weapon during the commission of the offenses.

According to the December 12, 2008 transcript from relator's habitual offender sentencing, trial counsel, Mr. Fleming, first raised an objection to the trial court finding relator to be a habitual offender. With respect to the trial court's imposition of a life sentence, Mr. Fleming argued:

> Mr. Robinson was convicted of Simple Burglary of a car, in which it was alleged that he took an identification or from which he took an identification card. That is not a crime of violence. And I would respectfully submit that, to give this man an enhanced sentence of life for a simple burglary, which is what this-this is essentially tantamount to, would be an overly harsh sentence.

Further, Mr. Fleming asserted, "[I]t is not mandatory to impose a life sentence on this gentleman. I believe the Court has leeway, under *State versus Dorothea* [sic], to not sentence him to life imprisonment." In support of that contention, Mr. Fleming stated that "there was another conviction" not included in

the State's habitual offender bill of information, but relator "was not subjected to a life sentence of that imposition." Thus, Mr. Fleming argued, "I question, given that fact, whether this should be treated as a mandatory imprisonment of life without benefit of probation and parole." In response, the trial court stated, "Well, I told you at the bench that I would not consider *State versus Dorothea* [sic]. I don't believe this is a case for that." In doing so, the trial court pointed out that because the predicate offenses were both crimes of violence under the habitual offender statute a life sentence was mandated, explaining, "I don't have any discretion, nor would I want discretion on this. I believe that that is the appropriate sentence. Appropriate sentence for this case with the two priors is life." Mr. Fleming then noted his objection.

Against that backdrop, we find that relator's emphasis on the non-violent nature of the underlying offense, simple burglary, is misplaced. As the trial court noted at the habitual offender sentencing, it is relator's history of violent or non-violent offenses that is taken into account under the Habitual Offender Law for third and fourth offenders, punishing those with a history of violent offenses more severely than those with a history of non-violent offenses. *See State v. Jerome*, 03-126 (La. App. 5 Cir. 4/29/03), 845 So.2d 1194, 1198-99.

At the time of relator's offense, La. R.S. 15:529.1(A)(1)(b)(ii) provided:

> If the third felony and the two prior felonies are felonies defined as a crime of violence under R.S. 14:2(13), a sex offense as defined in R.S. 15:540 et seq. when the victim is under the age of eighteen at the time of commission of the offense, or as a violation of the Uniform Controlled Dangerous Substances Law punishable by imprisonment for ten years or more, or any other crimes punishable by imprisonment for twelve years or more, or any combination of such crimes, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Relator was found to be a third-felony offender. His underlying offense of simple burglary was punishable by imprisonment for up to twelve years, under La. R.S. 14:62, and his predicate offenses for armed robbery and first degree robbery

are considered crimes of violence under La. R.S. 14:2(B). The trial judge placed an emphasis on the fact that relator fell directly within the category of offenders the Habitual Offender Law intended to punish more severely. At any rate, the lack of violence involved in the underlying offense does not provide adequate grounds for departing from the mandatory sentence. *See State* v. *Warren*, 99-557 (La. App. 4 Cir. 9/8/99), 742 So.2d 722, 728. This is in part because the legislature has already taken into account the violent nature of certain crimes in the habitual offender statute. *Id.*

Furthermore, we find relator's reliance on *State v. Thompson*, 22-1391 (La. 5/2/23), 359 So.3d 1273, unpersuasive. In *Thompson*, the Supreme Court found that counsel's failure to file a motion to reconsider the mandatory life sentence imposed under the habitual offender statute prejudiced the defendant because counsel's deficient performance resulted in a mandatory life sentence that was unconstitutionally excessive as applied to the defendant. However, unlike in relator's case, none of the defendant's predicate offenses in *Thompson* were enumerated crimes of violence or sexual in nature. The instant case is also distinguishable from *State v. Allen*, 22-508 (La. 11/1/22), 348 So.3d 1274, 1276, in which the Supreme Court found that counsel's deficient performance resulted in a life sentence that was excessive as applied to the defendant based, in part, on counsel's failure to argue in the motion to reconsider sentence that relator's predicate offenses were not violent or sexual in nature. The mere failure to file a motion to reconsider sentence does not alone constitute ineffective assistance of counsel. A defendant must also "show a reasonable probability that, but for counsel's error, his sentence would have been different." *Casimer*, 113 So.3d at 1142. As such, we find that it was not likely the trial court would have reduced relator's sentence had counsel filed a motion to reconsider sentence on grounds that the instant offense was non-violent when relator's predicate offenses were

both robberies, and relator's prior criminal history also included an aggravated crime against nature conviction.

With respect to Mr. Fleming's omission of mitigating evidence at the habitual offender sentencing, the record reveals that the trial court was already aware of relator's history of substance abuse. In relator's statement to the police, he admitted to committing the instant offense because he was addicted to crack, and a crack pipe was found on him at the time of his arrest.[6] Although relator later claimed that his statement was coerced, at the motion to suppress hearing, he admitted to having a crack pipe on him and that he was high at the time of his arrest. Relator also admitted to his prior conviction for crack cocaine possession during the motion to suppress hearing. In addition, during the June 23, 2008 bond hearing, the State referenced the 1996 crack possession conviction as part of relator's criminal history. Finally, at relator's original sentencing hearing on October 17, 2008, the trial court noted that at that time relator had outstanding charges of possession of cocaine and possession of drug paraphernalia in an unrelated case.

Similarly, as noted by relator in the instant application, the issue of relator's mental health arose during trial when Mr. Fleming filed a motion to appoint a sanity commission because relator "admitted in open court he is a drug user" who "suffers from anxiety and depression, but has not taken any prescribed medications in a long time."

As such, we find that relator fails to meet his post-conviction burden of proof of showing that counsel's failure to present evidence of relator's history of drug abuse and mental health record prejudiced relator at the habitual offender

---

[6] The issue of relator's admission to being a crack user occurred during the motion to suppress hearing when the State moved to introduce it as other crimes evidence, which the trial court denied.

sentencing given that the trial court was already aware of these factors. *See* La. C.Cr.P. art. 930.2. Therefore, we conclude that relator's claim of ineffective assistance of counsel at sentencing does not warrant relief.

## <u>CONCLUSION</u>

Based on the forgoing, we find that there was no error in the trial court's ruling. Accordingly, this writ application is denied.

## <u>WRIT DENIED</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
CORNELIUS E. REGAN, PRO TEM

JUDGES



FIFTH CIRCUIT
101 DERBIGNY STREET (70053)
POST OFFICE BOX 489
GRETNA, LOUISIANA 70054
www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JUNE 28, 2023** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 23-KH-277

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
DARREN A. ALLEMAND (RESPONDENT)        THOMAS J. BUTLER (RESPONDENT)        CHRISTOPHER F. EDMUNDS (RELATOR)

**MAILED**
COLIN REINGOLD (RELATOR)              HONORABLE PAUL D. CONNICK, JR.
ERICA NAVALANCE (RELATOR)             (RESPONDENT)
ATTORNEYS AT LAW                      DISTRICT ATTORNEY
THE PROMISE OF JUSTICE INITIATIVE     TWENTY-FOURTH JUDICIAL DISTRICT
1024 ELYSIAN FIELDS                   200 DERBIGNY STREET
NEW ORLEANS, LA 70117                 GRETNA, LA 70053